IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABDU S. HASSEN,                                              CV 06-1466-MA

        Plaintiff,                                         OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,


        Defendant.

  RICHARD A. SLY
  1001 SW 5th Avenue, Suite 310
  Portland, OR 97204
  (503) 226-1227

        Attorney for Plaintiff

  KARIN J. IMMERGUT
  United States Attorney
  NEIL J. EVANS
  Assistance United States Attorney
  1000 S.W. Third Avenue, Suite 600
  Portland, OR 97204-2902
  L. JAMALA EDWARDS
  Special Assistant United States Attorney
  Social Security Administration
  701 5th Avenue, Suite 2900 M/S 901
  Seattle, WA 98104-7075
  (503) 615-3749

        Attorneys for Defendant

1- OPINION AND ORDER

MARSH, Judge:

The matter before the court is the Commissioner's Motion to Dismiss (#9) plaintiff, Abdu S. Hassen's (Hassen), complaint, filed October 17, 2006, appealing the denial of his request for disability insurance benefits (DIB) and Supplemental Security Income benefits (SSI).

According to the Commissioner, this complaint should be dismissed for lack of subject matter jurisdiction, based on Hassen's failure to exhaust his administrative remedies under 20 C.F.R. §§ 404.900 et. seq.  The Commissioner contends that he has not issued a "final decision" over which this court may exercise jurisdiction, as contemplated by the administrative review process, because the Appeals Council has not "rendered a determination on [Hassen's] filing of exceptions," nor provided Hassen notice "that it is denying his request for review."  See 20 C.F.R. §§ 404.900(a), 404.905, 404.921, 4040.955, 404.981.  Hassen has not responded to the Commissioner's motion.

The Commissioner points to Subia v. Commissioner of Social Security, 264 F.3d 899, 902 (9th Cir. 2001), to support his claim that an unexhausted administrative claim is not subject to juridical review.  However, in Subia the claimant sought district court review of an ALJ's decision, rendered after the claimant refused to attend the hearing she requested.  Id.  Subia did not implicate the regulations and policies at issue here, where a

2- OPINION AND ORDER

claimant seeks judicial review of an ALJ's decision in a case remanded by a federal court. Thus, <u>Subia</u> does not end the jurisdictional inquiry in this case.

Under 20 C.F.R. Section 404.984(a), the decision of an administrative law judge (ALJ) "will become the final decision of the Commissioner after remand...unless the Appeals Council assumes jurisdiction of the case." This case was remanded for further proceedings on January 20, 2006, and the ALJ issued a second, unfavorable decision on September 11, 2006. Thus, the ALJ's second, unfavorable decision would be considered a "final decision of the Commissioner" unless the Appeals Council assumed jurisdiction of this case.

The Appeals Council "may" assume jurisdiction of a case "based on written exceptions to the decision of the [ALJ]" or at any time within 60 days of the ALJ's decision, even if no written exceptions are filed. 20 C.F.R. Section 404.984(a) & (c). If written exceptions are timely filed, as in the case at bar[1], the Appeals Council "will consider [the claimant's] reasons for disagreeing with the decision of [the ALJ] and all the issues presented by [the] case." <u>Id</u>. at 404.984(b)(2). The Appeals

---

[1] Hassen submitted a request for review, which the Commissioner has construed as the filing of written exceptions, on September 14, 2006, three days after the ALJ's decision was issued. Thus, for purposes of this discussion, I find that Hassen has filed written exceptions to the ALJ's decision within the 30-day statutory period.

3- OPINION AND ORDER

Council "may" assume jurisdiction over a case with written exceptions, even after the 60-day time period under Section 404.984(c). Id. at 404.984(b)(3).

Here, the ALJ issued an unfavorable written decision September 11, 2006, and the Appeals Council received Hassen's written exceptions September 18, 2006. Thus, at the time Hassen filed his complaint with this court, on October 17, 2006, less than one month has elapsed since the filing of exceptions. Based on the above regulations, it is not unreasonable for the Commissioner to claim that Hassen did not wait long enough for the Appeals Council to decide whether to assume jurisdiction over his case before filing a complaint with this court. However, although the regulations do seem to support the Commissioner's position that the Appeals Council is not bound by any deadline in deciding whether to assume jurisdiction over this case, I do not concur with the Commissioner that this court is indefinitely divested of jurisdiction to review the ALJ's decision unless and until the Appeals Council acts. See 20 C.F.R. Section 404.984(b)(3).

Pursuant to the first sentence of 42 U.S.C. § 405(g), a claim for disability benefits must be presented to the Commissioner. This statutorily prescribed exhaustion requirement is not waivable. See Mathews v. Eldridge, 424 U.S. 319, 328 (1976). However, once an ALJ issues a written decision, after a

4- OPINION AND ORDER

hearing, statutory exhaustion is satisfied, even if the Commissioner mandates further administrative appeals.  <u>Id</u>.  This court has the authority to waive the Commissioner's requirement that a social security claimant must exhaust his administrative remedies if the claimant's interest in having a particular issue resolved is great.  <u>Id</u>. at 30 (in considering whether to waive administrative exhaustion, the court should consider such factors as the nature of the claim being asserted and the consequences of deferment of judicial review, such as wrongful deprivation of benefits and claimant's deteriorating health).

As of the date the Commissioner filed his Motion to Dismiss, February 14, 2007, almost five months had elapsed since Hassen filed exceptions, and this court is not aware of any progress on his case.  Although I do not have before me specific information that would support a waiver under <u>Mathews</u>, if Hassen is forced to wait much longer for the Appeals Council to decide whether to assume jurisdiction of his case, which has been pending since 2002[2], a persuasive argument for waiver could be made.  <u>See</u> <u>Rankin v. Heckler</u>, 761 F.2d 936 (3rd Cir. 1985)(exhaustion of administrative remedies may be dispensed with where the claimant can establish that the equivalence of full compliance with

---

[2] Hassen filed applications for DIB and SSI in January 2002, alleging a disability onset date of July 24, 2000, due to back injury, a herniated disc, a shoulder/ upper arm injury, post-traumatic stress disorder and depression.

5- OPINION AND ORDER

exhaustion of administrative remedies has been met, and the Commissioner has had a chance to fully develop his position, guaranteeing the court access to a detailed administrative record to facilitate meaningful review).

Thus, I decline to assume jurisdiction over this case at the present juncture, not for want of subject matter jurisdiction, but for lack of evidence the claimant's interest in having his claim heard merits waiver of the Commissioner's administrative exhaustion requirements.

## **CONCLUSION**

Based on the foregoing, the Commissioner's Motion to Dismiss (#9) is GRANTED, without prejudice to plaintiff.

IT IS SO ORDERED.

DATED this 15_ day of March, 2005.

                                 /s/  Malcolm F. Marsh
                                Malcolm F. Marsh
                                United States District Judge